IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY L. MOSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:16-CV-660-MHT |
| ) | |
| MARQUISE L. WATKINS, et al., ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Timothy L. Moss ("Moss"), an indigent county inmate, in which he alleges that the defendants used excessive force in effectuating his arrest on May 29, 2016. Pursuant to the orders of this court, the defendants filed a special report, supported by relevant evidentiary materials, in which they address the conclusory allegations presented by Moss. The defendants assert that the documented evidence indicates that the defendants did not act in violation of the plaintiff's constitutional rights during the arrest.

In light of the foregoing, the court issued an order directing Moss to file a response to the defendants' written report. *Doc. No. 15*. The order advised Moss that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the

dismissal of this civil action. *Id*. (emphasis in original). The time allotted Moss for filing a response in compliance with this order expired on October 14, 2016. Moss has failed to file a response in opposition to the defendants' written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Specifically, Moss is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, the lack of action by Moss in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants demonstrate that no violation of the Constitution occurred. It therefore appears that any additional effort by this court to secure the plaintiff's compliance would be unavailing. Consequently, the court concludes that the failure of Moss to comply with an order of this court and his apparent abandonment of this case warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for his failure to comply with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

It is further ORDERED that on or before December 2, 2016 the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 18th day of November, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge